**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HALLUM BAILEY and CAMPBELL SOUP COMPANY,<br><br>        Movants,<br><br>        v.<br><br>GAMON PLUS, INC. and GAMON INTERNATIONAL, INC.,<br><br>        Respondents. | CASE NO. 1:24-CV-02877<br><br>JUDGE JOHN ROBERT BLAKEY<br><br>▆▆▆▆▆▆▆▆▆▆ |
| GAMON PLUS, INC. and GAMON INTERNATIONAL, INC.,<br><br>        Plaintiffs,<br><br>        v.<br><br>CAMPBELL SOUP COMPANY, MEIJER, INC., THE KROGER CO., and TRINITY MANUFACTURING, L.LC.,<br><br>        Defendants. | *Underlying Action*:<br><br>CASE NO. 1:15-CV-08940<br><br>JUDGE JOHN ROBERT BLAKEY<br>MAGISTRATE JUDGE YOUNG B. KIM<br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' OPPOSITION TO HALLUM BAILEY AND CAMPBELL SOUP
COMPANY'S MOTION TO QUASH THE SUBPOENA ISSUED TO
<u>HALLUM BAILEY AND FOR A PROTECTIVE ORDER</u>**

# INTRODUCTION

Long after the close of fact discovery, Gamon learned for the first time of information showing that Campbell did know of the Asserted Patents and their infringement as-granted. Gamon also learned, through Trinity, that Campbell's former in-house counsel, Hallum Bailey ("Bailey"), directly participated in Trinity's ongoing monitoring and assessment of Gamon's patent activity, including at the very least one of the Asserted Patents, U.S. Patent Nos. 8,827,111 ("the '111 Patent"). Gamon learned of these and other critical facts through Trinity's Local Patent Rule 3.6 disclosure made just two months ago. As a result, Gamon timely subpoenaed Bailey's deposition.

Bailey's collaboration with Trinity's outside patent counsel is relevant to a broad range of issues, including but not limited to Trinity and Campbell's knowledge and state of mind upon issuance of the Asserted Patents. It also could reveal a host of other information relevant to Trinity and Campbell's coordination. No doubt to continue withholding this information from Gamon, Campbell and Bailey ("Movants") now move to quash the deposition. Gamon respectfully requests this Court deny the motion and order a short (no more than four hours) deposition of Bailey. Gamon discusses each Movants' positions below, but none warrant withholding of this discovery.

# ARGUMENT

**I.  GAMON LEARNED OF BAILEY AND CAMPBELL'S KNOWLEDGE OF THE ASSERTED PATENTS JUST TWO MONTHS AGO**

Gamon, through no fault of its own, was unaware of Bailey's involvement with Trinity, and Trinity's patent counsel, and their collective coordination regarding infringement by the Accused Products in view of Gamon's patents until recently. Nevertheless, Movants seek to keep this discovery from Gamon based on a host of technicalities. None have merit or outweigh Gamon's interest in the sought discovery.

Documents evidencing Bailey's discussions and collaboration with Trinity's patent

counsel were produced for the first time under the guise of LPR 3.6. That discovery from Trinity included newly disclosed, ***non-privileged*** communications between Campbell and Trinity with outside patent counsel regarding Gamon's patent activity, including communications involving Bailey.[1] Tellingly, Campbell never produced any of these non-privileged communications or disclosed them in discovery. Bailey's deposition is appropriate under LPR 3.6(c) ███████ ████████████████████████████████████ ████████████████████.

To avoid this discovery and continue withholding key information, Movants argue that Bailey's deposition is waived or untimely. Such a result is simply unfair and inconsistent with the history of this case.[2]

*First,* Gamon did not agree, as Movants assert, to forego Bailey's deposition in exchange for the depositions of the two Trinity witnesses, Ed Weisz and Randy Riley. Rather, as the correspondence between the parties makes clear, Gamon only agreed to withdraw without prejudice its deposition notices for other Trinity witnesses as a compromise. (Dkt. 3-1, p. 2.) There was no waiver.

*Second,* Bailey's deposition does not run afoul of the limit on depositions. Rather, LPR 3.6(c) expressly contemplates such depositions: "After advice of counsel information becomes discoverable under LPR 3.6(a), a party claiming willful infringement may take the deposition of

---

[1] Bailey asserts that this was Trinity's LPR 3.6(e) disclosure and therefore insufficient to warrant his deposition. As an initial matter, Trinity's submission was clearly made under LPR 3.6(b)(4). (Dkt. 388, Ex. 12.) As a practical matter, this is a red herring. The point is that Gamon did not have knowledge of Bailey's involvement until February 2024.

[2] Movants also chide Gamon for allegedly only providing four-days' notice for the deposition. This is another strawman. Counsel for Campbell refused to accept service on Bailey's behalf, requiring Gamon to make multiple attempts at service, but counsel had notice long before. Gamon was at all times and remains willing to proceed with Bailey's deposition at his convenience.

any attorneys preparing or rendering the advice relied upon and ***any persons who received*** or claims to have relied upon such advice." LPR 3.6(c) (emphasis added). That Trinity, not Campbell, relies on opinion of counsel is of no avail. Bailey received the opinions and worked intimately with Trinity's counsel.

*Third*, even if this Court finds that the provisions for additional discovery under LPR 3.6 are subject to the ten-deposition limit in Fed. R. Civ. P. 30, good cause exists. Defendants Trinity and Campbell failed to timely disclose Bailey ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Had they done so, Gamon would have had the opportunity to consider whether this should be one of its ten depositions. Defendants instead improperly withheld this discovery until February 2024 after the close of fact discovery. It is unjust to now suggest that Gamon should have anticipated Bailey's disclosure and refrained from taking the full allocation of ten depositions during fact discovery in the event that one of the Defendants may disclose additional witnesses in future LPR 3.6 discovery. Movant cites no cases that force plaintiffs in this jurisdiction to such a "Catch 22."

Indeed, as Defendants noted in the underlying action with respect to their motion for leave to serve third-party Siffron with a subpoena out of time, courts have "extremely broad discretion in controlling discovery." *Jones v. City of Elkhart, Ind.*, 737 F.3d 1107, 1115 (7th Cir. 2013). Here, while on the one hand Campbell continues to maintain that there is no evidence that it was aware of the Asserted Patents until the filing of the lawsuit, the LPR 3.6 disclosures and related depositions of the Trinity witnesses corroborate that Campbell was in fact aware of the Asserted Patents and their infringement as-granted. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Therefore, Gamon

properly seeks a short deposition of Bailey ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Fourth,* and finally, Movants' reliance on *Putnam* underscores why Bailey's deposition is appropriate here. In *Putnam*, the court found that "a party is entitled to take the depositions of the attorneys specified in LPR 5.2(c), subject to the ten-deposition limit in Fed. R. Civ. P. 30(a)(2)(A)." *Putnam v. Henkel Consumer Adhesives, Inc.*, No. 1:05-CV-2011-BBM, 2006 WL 8432551, at *9-10 (N.D. Ga. Sept. 5, 2006).³ However, advice of counsel discovery under the Northern District of Georgia's local patent rules applicable in *Putnam* became discoverable **prior** to the close of fact discovery. (LPR 5.2(a), NDGa (advice of counsel information not discoverable until the earlier of "(1) five (5) days after a ruling on summary judgment indicating a triable issue of fact to which willfulness would be relevant; or (2) thirty (30) days prior to the close of fact discovery under the discovery track to which the case is assigned.") In contrast, disclosure of advice of counsel discovery under LPR 3.6 in the underlying action occurred well after the close of fact discovery.⁴ Therefore, unlike *Putnam*, Gamon did not have the opportunity to "set aside" additional depositions to account for whether it might need depositions subject to advice of counsel since Trinity's disclosure was well after the close of fact discovery.

---

³ The *Genentech* case cited by Movants does not address the question of whether depositions permitted pursuant to a local patent rule are subject to the ten-deposition limit in Fed. R. Civ. P. 30(a)(2)(A)." *Genentech, Inc. v. Insmed Incorporation*, 442 F. Supp. 2d 838, 848 (N.D. Cal. 2006).

⁴ The Court set a deadline for close of initial fact discovery on April 6, 2023 (*see* Case No. 1:15-CV-08940, Dkt. 346) and for Defendants to present any opinion of counsel defense in response to willfulness on or before February 19, 2024, with discovery on the same to conclude on March 25, 2024 (*see* Case No. 1:15-CV-08940, Dkt. 377.).

## II. MOVANTS' CLAIM THAT CAMPBELL LACKED KNOWLEDGE OF THE ASSERTED PATENTS BOTH STRAINS CREDULITY AND IS A RED HERRING

Movants further seek to avoid Bailey's deposition by repeatedly pigeonholing the scope of his discovery to Campbell's knowledge of Gamon's patent applications. This strawman cannot carry the day as a matter of fact or law.

The scope of discovery in this district is broad. Rule 26 is "widely recognized as one that is necessarily broad in its scope in order to allow the parties essentially equal access to the operative facts." *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1021 (N.D. Ill. 2000). "If relevance is in doubt, courts should err on the side of permissive discovery." *Wiginton v. CB Richard Ellis, Inc.*, 229 F.R.D. 568, 577 (N.D. Ill. 2004). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ That Bailey was not with Campbell at the time the Asserted Patents issued does not mean he lacks discoverable information. To the contrary, the fact and circumstances of his involvement with Trinty and even his departure offer a plethora of discoverable information. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and likely has information on numerous other non-privileged, relevant topics in dispute.

Movants' repeated mantra that "knowledge of Gamon's patent applications and any discussions with Trinity concerning those applications are irrelevant" because such information is "insufficient to establish willful infringement of those patents" misses the mark.[5] (Dkt. 2 at 10.)

---

[5] Gamon refutes this contention and based on the discovery obtained under LPR 3.6 is confident a jury will find that Campbell was fully aware of and willfully infringed the Asserted Patents.

The issue is whether this knowledge may lead to discoverable information. Again, in view of the standard for discovery, the answer is overwhelmingly, yes. This is not summary judgment. The newly uncovered evidence from LPR 3.6 discovery revealed, for example, . Indeed, although Movants are quick to point out that "none of the communications involving Bailey (or any other Campbell employee or attorney) concerned the issued Patents-in-Suit," they fail to acknowledge that Bailey communicated with Trinity specifically regarding an assessment by Trinity's outside patent counsel of the sought claims for the '111 Patent. Movants' argument is misplaced and confuses the distinction between relevance and sufficiency of evidence.

Moreover, Movants are also wrong as a matter of law. There is no *per se* rule that pre-issuance conduct cannot support a finding of willful infringement. *See Minn. Min. & Mfg. Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559, 1581 (Fed. Cir. 1992) ("In addition, although willfulness is generally based on conduct that occurred after a patent issued, pre-patent conduct may also be used to support a finding of willfulness.") (citations omitted). Willful infringement is a question of fact and is determined from the totality of circumstances. *See WCM Indus., Inc. v. IP Corp.*, 721 F. App'x 959, 970 (Fed. Cir. 2018) ("[W]hether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred *from all the*

*circumstances*." ) (emphasis in original); *see also Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006) ("A finding of willful infringement is made after considering the totality of the circumstances.") (citations omitted).

In fact, the Federal Circuit in *WCM Indus.* rejected this very argument. *See WCM Indus.*, 721 F. App'x at 970-71. In that case, defendant IPS argued that "the district court erred in refusing to grant judgment as a matter of law of no willfulness because there is no evidence that IPS had knowledge of the patents before the lawsuit began." *Id.* at 970. The Federal Circuit rejected that argument, finding sufficient evidence in the record for the jury to infer that "IPS knew of WCM's patents as they issued (if not earlier) and that the risk of infringement was known to IPS or so obvious that it should have been known." *Id.* at 971. In doing so, the court noted that IPS relied on a prior decision in *State Industries* for the proposition that "[t]o willfully infringe a patent, the patent must exist and one must have knowledge of it." *Id.* at 970 (citing *State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985)). The court, however, explained that "*State Industries* does not establish a *per se* rule, as IPS contends, but rather, is in harmony with our prior and subsequent case law, which looks to the totality of the circumstances presented in the case." *Id.* (internal quotations omitted).

As such, ████████████████████████████████ ████████████████████████████ even though he left before the Asserted Patents issued, forms part of the totality of the circumstances for the factfinder to consider in order to determine Trinity and Campbell's state of mind after issuance. This includes any inferences by the factfinder that Campbell knew of at least the '111 Patent and its infringement shortly after issuance. As such, even if knowledge of pending patent applications, standing alone, may not be sufficient to establish willful infringement, the newly disclosed evidence regarding Bailey's involvement here is relevant

7

to the willfulness inquiry, both in the context of "advice of counsel" discovery under LPR 3.6 and Gamon's amended allegations of willful infringement.[6]

For the foregoing reasons, Movants' motion to quash and for a protective order should be denied.

Dated: April 22, 2024

Respectfully submitted,

/s/ *Kal K. Shah*
Kal K. Shah
Mircea A. Tipescu
**BENESCH FRIEDLANDER**
   **COPLAN & ARONOFF LLP**
71 South Wacker Drive, Suite 1600
Chicago, IL 60606
Telephone: 312.212.4949
Facsimile: 312.767.9192
kshah@beneschlaw.com
mtipescu@beneschlaw.com

*Attorneys for Gamon Plus, Inc.
and Gamon International, Inc.*

---

[6] Indeed, Movants' request for attorney fees is without merit. As explained above, Gamon only recently learned of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ through Trinity's LPR 3.6 disclosures. Moreover, Bailey's deposition is proper under LPR 3.6(c) ▮▮▮▮▮▮▮▮▮▮▮▮ And his deposition is relevant not only in the context of "advice of counsel" discovery under LPR 3.6, but also Gamon's amended allegations of willful infringement. Thus, Gamon's objections to the protective order are justified.

8

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 22, 2024, a copy of the foregoing document was filed via the Court's CM/ECF system, which will automatically serve and send email notification of such filing to all registered attorneys of record.

*/s/ Kal K. Shah*

*Counsel for Plaintiffs Gamon Plus, Inc. and Gamon International, Inc.*